**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**GREGORY ANTONIO HOLLINS, # 53129**                    **PETITIONER**

**versus**                                    **CIVIL ACTION NO. 3:17-CV-916-CWR-MTP**

**RONALD WAYNE KING**                                    **RESPONDENT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Petition of Gregory Antonio Hollins ("Petitioner") for Writ of Habeas Corpus [1] pursuant to 28 U.S.C. § 2254 and Respondent's Motion to Dismiss [14] pursuant to 28 U.S.C. § 2244(d). The Petition was filed November 6, 2017,[1] and the motion to dismiss was filed on February 22, 2018. Petitioner responded to the motion on April 20, 2018. *See* Response [17]. Having considered the Motion, the record, and the applicable law, the undersigned recommends that Respondent's Motion to Dismiss [14] be granted and the Petition [1] be dismissed with prejudice.

## PROCEDURAL HISTORY

On August 3, 2010, Gregory Antonio Hollins was convicted by a Rankin County Circuit Court jury for the sale of cocaine and was sentenced as a habitual offender to sixty years in the custody of the Mississippi Department of Corrections without eligibility for parole or probation. *See* [15-1] at 56-58. He appealed, and his conviction and sentence were affirmed by the

---

[1] "For pleadings submitted by prisoners acting *pro se*, the Fifth Circuit has recognized that a 'mailbox rule' applies and that the date when prison officials receive the pleading from the plaintiff for delivery to the court is considered the time of filing for limitations purposes. *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir.1995). It may reasonably be inferred that a prisoner delivered his petition to the prison officials for mailing on the date he signed it. *See United States v. O'Kaine*, 971 F.Supp. 1479, 1480 (S.D.Ga.1997)." *Punch v. State of Louisiana*, 1999 WL 562729, *2 n. 3 (E.D.La. July 29, 1999)(unpublished). In this case, Hollins signed the cover letter to his petition on November 6, 2017.

Mississippi Court of Appeals on April 10, 2012. *Hollins v. State*, 99 So. 3d 237, 238 (Miss. Ct. App. 2012). The Mississippi Supreme Court denied his petition for writ of *certiorari* on October 18, 2012. *Id.* Petitioner's conviction became final January 16, 2013, ninety days after the Mississippi Supreme Court denied the petition for writ of *certiorari*.[2] *Aguilar v. Banks*, 2007 WL 2406973, at *2 (S.D. Miss. Aug. 2, 2007)

On October 27, 2015,[3] Petitioner filed an "Application for Leave to File Petition for Post-Conviction Relief." *See* [15-7] at 3. On December 29, 2015, the Mississippi Supreme Court denied the application. *See* [14-3].

The Petitioner filed the instant Petition for Writ of Habeas Corpus [1] on November 6, 2017. Thereafter, Respondent filed his Motion to Dismiss [14], asserting that the Petition was not timely filed and should be dismissed.

### ANALYSIS

The Antiterrorism and Effective Death Penalty Act (AEDPA) specifies that a petitioner seeking federal habeas relief must file his federal petition within one year from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the

---

[2] Although Petitioner did not file a petition for writ of *certiorari* with the United States Supreme Court, he could have done so within ninety days of the state court's final decision. Accordingly, this 90 day period is added to the calculation of when his state court conviction "became final" for AEDPA purposes. *See Roberts v. Cockrell*, 319 F.3d 690 (5th Cir.2003).

[3] Throughout this report and recommendation, the undersigned gives petitioner the benefit of the mailbox rule and considers the date he signed documents as the day he filed them. However, this particular document was filed by counsel so the mailbox rule does not apply.

Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A-D); *Egerton v. Cockrell*, 334 F.3d 433, 435 (5th Cir.2003).

## Section 2244(d)(1)(A)

Petitioner's conviction became final–and the statute of limitations for federal habeas relief began to run–on January 16, 2013. Petitioner was required to file his federal habeas petition by January 16, 2014, unless he is entitled to statutory tolling, equitable tolling, is actually innocent, or did not discover the factual predicate of his claim until later. 28 U.S.C. § 2244(d)(1)(A) and (D). Petitioner filed his petition on November 6, 2017.

### *Statutory Tolling*

Whether statutory tolling occurred is determined by reference to 28 U.S.C. § 2244(d)(2), which provides for tolling of the one-year limitation period during the time in "which a properly filed application for State post-conviction or collateral review" remains pending.

Petitioner filed an "Application for Leave to File Petition for Post-Conviction Relief" on October 27, 2015. *See* [15-7] at 3. However, because this post-conviction motion in state court was filed after the statute of limitations ran for filing a federal habeas petition, he is not entitled to statutory tolling. *See Baldwin v. Parker*, 2006 WL 3858896, at *3 (S.D. Miss. Dec. 28, 2006) (State post-conviction petition cannot toll the one-year limitation period described in section 2244(d)(2) if it is filed after Petitioner's federal filing deadline has passed); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (holding that a state habeas application did not toll the limitation period under Section 2244(d)(2) because it was not filed until after the limitation period expired). Accordingly, Petitioner does not benefit from statutory tolling for this motion under

Section 2244(d). His federal habeas filing deadline remained January 16, 2014.

### Equitable Tolling

The decision to apply the equitable tolling doctrine to the one-year limitation period set forth in Section 2244(d) rests within the sound discretion of the district court. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). Generally, equitable tolling is appropriate only in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Ott v. Johnson*, 184 F.3d 510, 513 (5th Cir. 1999). Also, in order to establish that he is entitled to equitable tolling, Petitioner must demonstrate "that he has been pursuing his rights diligently . . . ." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012). Courts should "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling." *Fisher*, 174 F.3d at 713 (quoting *Davis*, 158 F.3d at 811).   Petitioner, however, bears the burden of proving the existence of rare and exceptional circumstances which warrant equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

In his response to the motion to dismiss, Petitioner does not address equitable tolling, but merely argues that he is innocent. *See* Response [17]. In his petition, he mentions that he is *pro se* and did not know how to appeal or what procedures to follow. *See* [1] at 7. However, "[p]ro se status by itself does not qualify as an extraordinary circumstance" to merit equitable tolling. *Dedeaux v. Kelly*, 2008 WL 4793759, at *2 (S.D. Miss. Oct. 27, 2008)(citing *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir.2002)). Thus, Petitioner is not entitled to equitable tolling.

4

**Section 2244(d)(1)(D)**

      **The Factual Predicate of the Claims**

      In the petition, Hollins asserts that the factual predicate of the claims presented in the instant petition could not have been discovered through the exercise of due diligence. *See* [1] at 13-14. Thus, Petitioner is attempting to invoke the "factual predicate" exception of 28 U.S.C. § 2244(d)(1)(D). Section 2244(d)(1)(D) provides that the limitations period begins to run "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

      In his petition, Hollins does not specifically state what facts or evidence he recently discovered that make up the factual predicate of his claims. However, in his 2015 application for post-conviction review in the Mississippi Supreme Court, Hollins alleged that he had recently discovered that the State's primary witness may have used a false name or alias when she testified at trial and that the State withheld from the defense the existence of a dash camera video of Petitioner's arrest until after the trial.

      It appears Petitioner is attempting to use these same allegations to show that he is entitled to the "factual predicate" exception. While Petitioner does not specifically state when he learned these "facts," he certainly learned of the alleged issues regarding the witness' name sometime before he filed his state post-conviction motion on October 27, 2015 wherein he addressed these issues. The record before the Court does not support Petitioner's claim that he just recently discovered a witness against him was using an alias.

      Additionally, Petitioner's application for post-conviction review reveals that the dash cam video was provided to him, through his attorneys in 2011. *See* [15-7] at 12. This information was available to Petitioner some six years before he filed the instant petition. Thus, Petitioner is

not entitled to use 28 U.S.C. § 2244(d)(1)(D) for the calculation of the statute of limitations in this matter.

The Mississippi Supreme Court denied Hollins' application for post-conviction review on December 29, 2015. At that point, he certainly knew of these issues. Even if the Court were to give Petitioner the benefit of the "factual predicate" exception, his petition would have been due December 29, 2016, a year after the Mississippi Supreme Court denied his motion. Petitioner did not file this federal habeas corpus petition until November 6, 2017, almost a full year past the statute of limitations.

**<u>Actual Innocence</u>**

Liberally construed, Petitioner also argues that based on the "new" evidence in the video, he is actually innocent and the statute of limitations should not apply. *See* Petition [1] at 5. The statute bars federal habeas review unless the prisoner can demonstrate (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law," or (2) that the court's "failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Calderon v. Thompson*, 523 U.S. 538, 558 (1998) (noting that these exceptions survived the passage of Section 2244(d)). The "fundamental miscarriage of justice" exception is applicable only to the severely confined category of actual innocence, where prisoners must demonstrate that new evidence "shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner]." *McQuiggin v. Perkin*, 133 S.Ct. 1924, 1927 (2013) (*citing Schlup v. Delo*, 513 U.S. 2298, 329 (1995)).

Here, the new evidence to support actual innocence is a dash cam video that petitioner's own attorney admitted was "too dark to see anything." *See* [15-7] at 12. Hollins submits the video, although dark, would verify that he did not sell any drugs and would prove his actual

innocence. *See* [1] at 5. However, at trial the State presented evidence and submitted that Hollins did not leave his car to sell the drugs, but used another individual, Gene Williams, to sell the cocaine to a confidential informant while Hollins waited in the car. *See* Transcript [15-2] at 15-17. The State submitted that after the exchange with the confidential informant, Williams returned and gave the cash obtained during the sale to Hollins. *Id.* The confidential informant also identified Hollins as the person with whom she set the sale up over the phone. *See* Transcript [15-3] at 38-42. It was under these facts that the jury convicted Petitioner. An alleged video of Hollins "not selling drugs" when the State never submitted that he left his car to sell drugs is not enough to support a finding of actual innocence. This video even as described by Hollins, does not undermine the testimony and evidence by which the jury convicted him. *See Hollins*, 99 So. 3d at 238. It does not make it more likely than not that a reasonable juror would not have convicted Petitioner. *McQuiggin,* 133 S.Ct. at 1927. Thus, his petition should be dismissed as untimely.

## RECOMMENDATION

For the reasons stated above, the undersigned recommends that Respondent's Motion to Dismiss [14] be GRANTED and that Petitioner's Petition for Writ of Habeas Corpus [1] be dismissed with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party.   The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with

instructions.   The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected.   *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

     THIS the 20th day of April, 2018.

s/ Michael T. Parker
United States Magistrate Judge